IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LEVI BENJAMIN MCDANIEL,** | * | |
| Appellant, | * | |
| v. | * | Case No. RWT 14-cv-0626 |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** | * | |
| Appellee. | * | |

## MEMORANDUM OPINION AND ORDER

On February 4, 2014, *pro se* debtor Levi Benjamin McDaniel appealed the United States Bankruptcy Court's January 23, 2014 dismissal of his Complaint to determine the dischargeability of his mortgage debt. ECF No. 1. The appeal was docketed in this Court on March 4, 2014, and McDaniel's brief[1] was due to be filed by March 20, 2014. The Clerk of this Court notified McDaniel in writing of the requirement for filing a brief by March 26, 2014. ECF No. 3. On April 28, 2014, McDaniel filed a document purported to be a brief, but which contained vague and nonsensical allegations about mortgage industry practices. ECF No. 4.

On May 14, 2014, Federal National Mortgage Association ("FNMA"), the holder of his mortgage debt, moved to dismiss the appeal for failure to follow the requirements of the Federal Rules of Bankruptcy Procedure 8006, 8009, and 8010. ECF No. 7. McDaniel responded in opposition on June 2, 2014, ECF No. 14, and filed an Amended Brief without permission of the Court on June 3, 2014, ECF No. 10.

---

[1] The Clerk's letter incorrectly noted that the appeal was docketed on March 12, when in fact it was docketed on March 4. The letter erroneously stated that McDaniel's brief was due within fourteen days of March 12. Whether due on March 12 or March 26, McDaniel failed to file anything on or before either date, and gave no explanation for his failure to do so.

This case originated in the Circuit Court for Prince George's County ("Circuit Court") on April 12, 2013. Bankr. Dkt. 6, ¶ 4, Case No. 13-0672-PM. FNMA commenced the Circuit Court foreclosure action in response to McDaniel's continuing default on the terms of a Note it owned, dated December 18, 2007, and signed by McDaniel in the amount of $258,000.00. *Id.* ¶ 2, 4. The Note is secured by the property located at 3921 Ettrick Court, Bowie, Maryland 20716 pursuant to a Deed of Trust, also signed by McDaniel and recorded in the land records of Prince George's County in Liber 29319, Folio 546. *Id.* ¶ 3. On July 22, 2013, McDaniel filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in United States Bankruptcy Court for the District of Maryland. *Id.* ¶ 5. On July 30, 2013, McDaniel moved to dismiss FNMA's Complaint in the Circuit Court, which it denied on September 23, 2013 for failure to state a valid defense or present a meritorious argument and failure to provide a certificate of service. *Id.* ¶ 8. The Circuit Court case was stayed on November 20, 2013 during the pendency of the lead case in the Bankruptcy Court. State Dkt. 18, Case No. CAE13-09904.

On November 5, 2013, McDaniel initiated an Adversary Proceeding in the United States Bankruptcy Court seeking a discharge of the mortgage debt owned by FNMA. Bankr. Dkt. 1. On January 15, 2014, the Bankruptcy Court held a hearing and found that McDaniel had failed to establish any grounds for the relief requested in his Complaint, having instead put forth only irrelevant and immaterial causes of action for the Court to consider. Bankr. Dkt. 6 ¶ 40, 15, 16. The Bankruptcy Court dismissed the Complaint under Federal Rule of Civil Procedure 12(b)(6), and a discharge was not granted. Bankr. Dkt. 16.

McDaniel timely filed his Notice of Appeal with the clerk of the Bankruptcy Court on February 4, 2014. Bankr. Dkt. 18. The Circuit Court lifted the bankruptcy stay on April 8, 2014, and after failed attempts at mediation, found in favor of FNMA on June 18, 2014 and ordered

that it may schedule a foreclosure sale on the property at 3921 Ettrick Court, Bowie, Maryland 20716. State Dkt. 21–23. McDaniel's bankruptcy appeal was docketed in this Court on March 4, 2014. ECF No. 1. On May 14, 2014, FNMA filed the pending Motion to Dismiss, ECF No. 7, after McDaniel failed, among others, to file the required brief.

Final orders of a bankruptcy court are appealable to a district court pursuant to 28 U.S.C. § 158(a)(1). However, it is well established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). Dismissal is a "harsh sanction which a district court must not impose lightly." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir.1992). Bankruptcy Rule 8001(a) provides that a failure to take any step other than the filing of the notice of appeal shall be grounds for the district court to take any action it deems appropriate, including dismissal of the appeal. Before a district court may dismiss an appeal for violation of a procedural rule, it must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992); *see also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) (explaining that a proper application of the *Serra* test will normally require a district court to consider and balance all relevant factors).

Perfection of an appeal requires that the appellant take certain basic minumum steps, the first of which is to file a notice of appeal with the clerk of the bankruptcy court. Fed. R. Bankr. P. 8001. The clerk serves notice of the filing of the appeal with the district court. Fed. R. Bankr. P. 8004. Second, because the notice of appeal is only required to identify the judgment from

which appeal is taken, the appellant must take a subsequent step (within fourteen days from the date the appeal was docketed in the district court) to file a brief identifying the issues to be presented on appeal and define the record that the appeals court is to review.  Fed. R. Bankr. P. 8006.  Importantly, Bankruptcy Rule 8006 requires that the record on appeal include (1) the items designated by the parties; (2) the notice of appeal itself; (3) the judgment that is the subject of the appeal; and (4) any opinions, findings of fact, and conclusions of law of the court.

McDaniel's bankruptcy appeal was docketed in this Court on March 4, 2014.  ECF No. 1.  Under Bankruptcy Rules 8006 and 8009, McDaniel should have filed his brief and record extract within fourteen days from the date the appeal was docketed—here March 20, 2014.  McDaniel did not file his Original Brief until April 28, 2014, thirty-nine days late, and it was seriously deficient in required content containing mostly nonsensical allegations about industry practices.  McDaniel failed to file a transcript of the January 15, 2014 hearing with the record extract, and failed to include a Statement of Issues, Appendix, Statement of the Basis of Appellate Jurisdiction, Statement of the Issues Presented, and Standard of Appellate Review with his Original Brief.  *See* Fed. R. Bankr. P. 8006, 8009, 8010.

McDaniel has not offered any excuse for his neglect of these basic requirements other than his belief that proceeding *pro se* affords him extraordinary leniency in adhering to the rules.  ECF No. 9.  At every step in this litigation, beginning with the Circuit Court and continuing through the Bankruptcy Court and this Court, McDaniel has persistently ignored procedural requirements and his nonsensical pleadings appear only to be a bad faith tactic to delay FNMA in exercising its rights under the Note and Deed of Trust.  McDaniel's failure to follow the procedural rules in this appeal burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice.  *Bhagani v.*

*Doyle*, No. CA 2:13-53-DCN-BHH, 2013 WL 1205864, at *2 (D.S.C. Mar. 1, 2013), *adopted by* No. 2:13-CV-53 DCN, 2013 WL 1205724 (D.S.C. Mar. 25, 2013).

The Court concludes that, absent any showing of excusable neglect, it shall exercise its discretion to dismiss this appeal under Federal Rule of Bankruptcy Procedure 8001(a). Accordingly, it is this 31st day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Appellee's Motion to Dismiss (ECF No. 7) is hereby **GRANTED** and the appeal is hereby **DISMISSED**; and it is further

**ORDERED**, that judgment for costs is hereby **ENTERED** in favor of Defendant; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close this case; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff and Counsel of Record.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE